UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X   Case No.
MIRACLE VENTURES I, LP,                                        :
                                                               :
               Plaintiff,                       :   COMPLAINT
                                                               :
               vs.                              :   JURY TRIAL DEMANDED
                                                               :
CATHERINE SPEAR, HEATHER HASSON, and                           :
FIGS INC. ,                                                    :
                                                               :
               Defendant                        :
-------------------------------------------------------------- X

      Plaintiff Miracle Ventures I, LP, by and through its attorneys, McCue Sussmane Zapfel & Cohen P.C., as and for its complaint, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

      1.     The jurisdiction of this Court is based on diversity of citizenship conferred by 28 U.S.C. § 1332.

      2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to this claim occurred in this district and a substantial part of the property that is the subject of this action was situated in this district.

## THE PARTIES

      3.     Plaintiff Miracle Ventures I, LP is a Delaware limited partnership with a principal place of business at 420 Lexington Avenue, Suite 2250, New York, New York 10170.

      4.     The general partner of Plaintiff is Miracle Ventures GP LLC, a Florida limited liability company. The sole member of Miracle Ventures GP LLC is an individual that is a Florida resident.

      5.     All limited partners of the Plaintiff are Florida residents.

6. Defendant Figs Inc. ("FIGS") is a Delaware corporation with a principal place of business at 2834 Colorado Avenue, Suite 100, Santa Monica, California 90404.

7. Defendant Catherine Spear ("Spear") is a California resident and at all relevant times was an officer and director of FIGS.

8. Defendant Heather Hasson ("Hasson") is a California resident and at all relevant times was an officer and director of FIGS. Hasson and Spear are collectively referred to as the "Individual Defendants".

**FACTS**

9. FIGS is a healthcare apparel and lifestyle brand.

10. Plaintiff is a former shareholder of FIGS.

11. On June 6, 2017, Plaintiff entered into a Stock Purchase Agreement with Tull Family Trust ("Tull") and Defendant FIGS (the "Stock Purchase Agreement").

12. Pursuant to the Stock Purchase Agreement, Plaintiff sold 137,852 shares of common stock of Figs to Tull for the purchase price of $249,491.45 (the "Figs Shares").

13. The purchase price for the Figs Shares was $1.80985 per share.

14. The Stock Purchase Agrement falsely stated that FIGS delivered to Plaintiff the unaudited balance sheet and unaudited statement of income and cash flows for the 12 months ending December 31, 2016.

15. Plaintiff requested financial statements of FIGS, yet they were never delivered by Defendants.

16. FIGS represented to Plaintiff in the Stock Purchase Agreement that since December 31, 2016 "there has not been to the Company's knowledge: . . . Any change in the assets, liabilities, condition or operations of the Company, other than changes in the ordinary course of business, which have not individually or in the aggregate had a material adverse effect

on such assets liabilities, financial, condition or operations of the Company." Such statement was false.

17. As of June 17, 2017, Tull or its affiliate had entered into an agreement with FIGS to invest $65 million, or had already made an investment of $65 million in FIGS (the "Tull Transaction").

18. The Tull Transaction constituted a substantial change in the assets, condition or operations of FIGS and was never disclosed to Plaintiff.

19. The infusion of $65 million in capital into a small thinly-capitalized company such as FIGS was highly material to the decision of a shareholder such as Plaintiff whether or not to sell its FIGS shares.

20. Defendants failed to disclose the Tull Transaction or any facts related thereto.

21. Defendants failed to disclose such facts in order to induce Plaintiff to sell its FIGS Shares to Tull at a price less than their fair market value.

22. Plaintiff would not have entered into the Stock Purchase Agreement if it had been advised of the Tull Transaction and the true financial condition of the Company.

23. Plaintiff did not learn about the Tull Transaction until reading a November 4, 2021 article in the *New York Post* regarding FIGS.

## COUNT I
**Breach of Fiduciary Duty**
**(against Individual Defendants)**

24. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein

25. The Individual Defendants were officers and directors of the Company at all times relevant hereto.

26. As corporate directors, the Individual Defendants owed a fiduciary duty to Plaintiff as a stockholder of FIGS to disclose all facts material to the Stock Purchase Agreement solicited by the Company in an atmosphere of entire candor.

27. Individual Defendants had a duty to describe the events in a balanced and accurate fashion, which did not create a materially misleading impression.

28. In soliciting Plaintiff to make the investment decision to sell its shares, Individual Defendants had a duty to exercise reasonable care to disclose all facts that were material to Plaintiff's consideration of the transaction and that could reasonably be obtained through their position as directors.

29. Individual Defendants had a fiduciary duty to disclose fully and fairly all material information within the board's control when it sought shareholder action by Plaintiff.

30. Individual Defendants intentionally failed to disclose the relevant information that FIGS had secured the investment of $65,000,000 from Tull and its affiliates.

31. On April 27, 2017 Plaintiff specifically requested from Defendant Spear an update on the business of FIGS in order to analyze the offer to purchase its FIG Shares. Defendant Spear failed to advise Plaintiff of the Tull Transaction.

32. Individual Defendants were grossly negligent in failing to disclose the Tull Transaction and its affect on FIGS.

33. Plaintiff incurred damages that were proximately caused by Individual Defendants' failure to disclose.

34. Individual Defendants breached their duty of disclosure by omitting a material fact, or by making a partial disclosure that is materially misleading.

35. There is a substantial likelihood that under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of a reasonable shareholder.

36. There is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information available.

37. The omitted facts were highly material to Plaintiff as the $65,000,000 investment in FIGS greatly increased the company's prospects for success and growth, its liquidity, increase the value of it shares, and make it more attractive for a public offering.

38. Individual Defendants failed to disclose their self-interest and the benefits to be received by Individual Defendants from the Tull Transaction and the sale of the FIGS Shares to Tull in the Stock Purchase Agreement.

39. Individual Defendants failed to adequately disclose the financial condition of FIGS, despite requests from Plaintiff, forcing Plaintiff to rely on limited and dated financial information.

40. Individual Defendants failed to disclose material information and intentionally misled Plaintiff.

41. Plaintiff was entitled to be informed of information in Individual Defendants' possession that was material to fairness of the price for the FIGS Shares and the decision whether to sell the FIGS shares.

42. Plaintiff is entitled to damages to be proven at trial, but in no event less than $100,000,000, plus punitive damages in an amount necessary to deter future misconduct by Individual Defendants.

## COUNT II
## FRAUD
## (against FIGS)

43.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

44.     FIGS never disclosed to Plaintiff the Tull Transaction.

45.     FIGS never disclosed to Plaintiff the existence or terms of its agreement with Tull.

46.     Figs represented to Plaintiff in the Stock Purchase Agreement that since December 31, 2016 "there has not been to the Company's knowledge: . . . Any change in the assets, liabilities, condition or operations of the Company, other than changes in the ordinary course of business, which have not individually or in the aggregate had a material adverse effect on such assets liabilities, financial, condition or operations of the Company."  Such statement was false.

47.     As of June 17, 2017, Tull or its affiliate had entered into an agreement with the FIGS to invest $65 million, or had already received an investment of $65 million in FIGS (the "Tull Transaction").

48.     The Tull Transaction constituted a substantial change in the assets, condition or operations of FIGS and was never disclosed to Plaintiff.

49.     FIGS knew that Plaintiff would rely on such false statements and failure to disclose material facts to its detriment.

50.     FIGS knew that Plaintiff would not enter into the Stock Purchase Agreement if the facts of the Tull Transaction were disclosed.

51.     FIGS had a duty to disclose and failed to disclose the Tull Transaction.

6

52. FIGS's superior knowledge of the essential facts of Tull Transaction rendered the Stock Purchase Agreement inherently unfair.

53. These material facts were peculiarly within the knowledge of FIGS. This information was not such that it could have been discovered by Plaintiff through the exercise of any due diligence or ordinary intelligence. Plaintiff did not have the means available to it to learn of the Tull Transaction.

54. Plaintiff would not have entered into the Stock Purchase Agreement if FIGS had not made the false statements.

55. Plaintiff would not have entered into the Stock Purchase Agreement if FIGS had disclosed the Tull Transaction.

56. Plaintiff was damaged as the result of those false statements and failure to disclose material and special facts.

57. Plaintiff relied on the false statements and failure to disclose material facts.

58. Plaintiff is entitled to damages in the amount to be proven at trial, but in no event less than $100,000,000, plus punitive damages in an amount necessary to deter future misconduct by Defendant FIGS.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment:

A. On Count I, awarding damages to Plaintiff from Individual Defendants in the amount to be proven at trial, but in no event less than $100,000,000, plus punitive damages in an amount necessary to deter future misconduct.

B. On Count II, awarding damages to Plaintiff from Defendant FIGS in the amount to be proven at trial, but in no event less than $100,000,000, plus punitive damages in an amount necessary to deter future misconduct.

      C.    Awarding such other and further relief as this Court deems just and proper, including fees, costs, disbursements, attorney fees and interest on the foregoing.

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action of all issues triable by a jury.

Dated:    November 1, 2021
         New York, New York

                                    _____
                                    Ken Sussmane (SK9301)
                                    McCue Sussmane Zapfel & Cohen P.C.
                                    Attorneys for Plaintiff
                                    420 Lexington Avenue, Suite 2250
                                    New York, New York 10170
                                    (212) 931-5500